GOVERNMENT EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED SOVEREIGN**
**AMERICANS, INC., et al.,**

    *Petitioners,*

v.                                                                Case No.:  4:24cv327-MW/MAF

**CORD BYRD, et al.,**

    *Respondents.*
_____/

## ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS

This Court has considered, without hearing, the United States of America's motion to dismiss, ECF No. 22, Petitioners' response, ECF No. 28, and the United States of America's reply, ECF No. 32.

Petitioners bring this action against the Attorney General of the United States of America, in his official capacity, based on the his alleged failure to address the "inaccurate and likely fraudulent voter rolls and systems within Florida," ECF No. 18 at 61. They seek a writ of mandamus requiring the Attorney General "to follow the laws cited [in the second amended complaint] in conducting the 2026 and subsequent federal elections, by adequately investigating and remedying the problems exposed in the 2022 elections and detailed above." *Id*. at 64.

The United States of America has moved to dismiss the second amended complaint for lack of standing and for failure to state a claim upon which relief may be granted. ECF No. 22. As to the jurisidcitional prerequisite of standing, this Court agrees with the Government's well-briefed arguments. *See id*. at 5–11. For example, Petitioners' allegations fail to demonstrate any cognizable injury in fact and are wholly speculative, and thus, Petitioners have failed to demonstrate an injury in fact at the pleading stage. ECF No. 32 at 4–5. Likewise, this Court agrees with the Government's arguments that Petitioners have failed to allege facts demonstrating that their speculative fears concerning the unreliability of the 2026 election results can be traced to the Attorney General in any specific way or how any Order of this Court could redress their speculative injuries. *Id*. at 5–7. As the Government has ably demonstrated, the cases Petitioners rely upon to demonstrate standing are wholly distinguishable from Petitioners' claims, and thus, offer no support for their speculative allegations. *See id*. at 2–4.

This Court also agrees with the Government's argument that this Court lacks jurisdiction to compel the Attorney General to act in the way the Petitioners request. *See* ECF No. 22 at 12. Petitioners ask this Court to issue a writ of mandamus requiring the Attorney General to investigate and remedy the problems exposed in the 2022 elections. *See* ECF No. 18 at 64; *see also* ECF No. 28 at 27 ("Petitioners seek court intervention to require Respondent simply to do his jobs and take

2

whatever action Respondent considers appropriate n order to comply with Congressional mandates."). But, as the Government explains, investigation and prosecution "are quintessential discretionary decisions," ECF No. 22 at 12, and thus, Petitioners' mandamus claim against the Attorney General fails. *See also* ECF No. 32 at 7. Likewise, this Court agrees with the Government's argument that Petitioners have failed to establish a clear right to relief under HAVA. ECF No. 22 at 12–13.

Finally, this Court agrees with the Government's argument in the alternative that Petitioners' All Writs Act claim must be dismissed to the extent it is also brought against the Attorney General. *See id*. at 13. Inasmuch as Petitioners lack jurisdiction to proceed against the Attorney General under Article III and the Mandamus Act, the All Writs Act does not separately confer jurisdiction to seek relief against the Attorney General. ECF No. 32 at 8.

Accordingly, this Court agrees with the Government's well-briefed arguments and **GRANTS** the United States of America's motion to dismiss, ECF No. 22. The claims against the Attorney General of the United States of America in the second amended complaint, ECF No. 18, are **DISMISSED for lack of subject matter jurisdiction.** This case remains pending against the State Respondents.

SO ORDERED on December 20, 2024.

s/Mark E. Walker  
**Chief United States District Judge**
